## In re CUMINGS.

### No. 2217.

United States District Court
S. D. Texas, Houston Division.

June 1, 1951.

Brian S. Odem, U. S. Atty., and William R. Eckhardt, III, Asst. U. S. Atty., Houston, Tex., for United States.

Eastham & Simpson, Houston, Tex., for University State Bank.

Knipp & Broady, Houston, Tex., for County Auditor of Harris County, Texas.

H. A. Phillips, Houston, Tex., Trustee.

KENNERLY, Chief Judge.

In this case, both the United States of America and the University State Bank of Houston, Texas, feel themselves aggrieved by certain Orders of the Referee in Bankruptcy with respect to the amount for which their respective claims have been allowed, and also with respect to the disposition of the collection by the Trustee of an indebtedness of $2,185.88 owing to the Bankrupt by Harris County, Texas.

1: There was no error in the Referee allowing the Government's claim for $5,783.08 and the Bank's claim for $14,170.84.

2: The Referee directed Harris County, et al. to show cause why it should not be required to pay such sum of money ($2,185.-88) to the Trustee. After a hearing, it was ordered to do so, less $250 allowed the attorney of Harris County for answering, etc. The sum of $1,935.88 was paid over to the Trustee.

Both the Government and such Bank complain of this $250 payment. I think the Referee was right. Or if he was not, both the Government and the Bank have waited too long before filing their Petition to Review the Referee's action with respect thereto.

3: Out of the $1,935.88 so paid over to the Trustee, the Referee applied a portion to the costs of administration, about which neither the Government nor the Bank are complaining. This was right.

4: The Referee ordered the balance of the $1,935.88 to be pro-rated between the Government and such Bank. Of this action, both the Government and the Bank complain. In this, the Referee erred. The whole amount should have been ordered paid to such Bank.

The Bank had since 1946 or 1947 been extending credit to Bankrupt and had taken from him from time to time various Deeds of Trust, Mortgages, etc., including an Assignment of Bankrupt's then or thereafter existing accounts.

Notice of such Assignment is dated October 15, 1947, and was filed in the office of the County Clerk of Harris County, Texas, October 18, 1947, and reads as follows:

"The State of Texas
"County of Harris

"Notice is Hereby Given: That N. E. Cummings, d/b/a Delta Foundation Co., Assignor, has assigned and intends to assign to University State Bank, Houston, Texas, a State banking corporation, organized and existing under the laws of the United States of America, with its principal office and place of business at Houston in Harris County, Texas, whose mailing address is 6135 Kirby Drive, Houston 5, Texas, one or more accounts receivable, as more particularly set forth in the schedules attached to the assignment in writing, made, executed and delivered by said assignor to said bank, and in such other schedules as shall from time to time be attached to said instrument of assignment.

"The mailing address of the above named assignor is 2526 Bellaire Blvd., Houston, Harris County, Texas.

"The legal residence of the assignor in the State of Texas is at Houston, in Harris County.

"The principal office of the assignor in the State of Texas is at Houston, in Harris County.

"Said assignor has the following places of business within the State of Texas, and no other: 2526 Bellaire Blvd., Houston, Harris County, Texas.

"'This notice of assignment shall be effective for a period of three years from its date.

"In witness whereof, the said assignor has executed these presents at Houston in the State of Texas, this 15th day of October, A. D. 1947."

The Assignment of the Harris County Claim is dated February 18, 1949, and is as follows:

"The State of Texas
"County of Harris

"In consideration of the sum of $1.00 cash to me in hand paid, the other good and valuable considerations, the sufficiency of which is hereby acknowledged and confessed, I hereby assign and transfer unto the University State Bank, Houston, Texas, the accounts of various customer debtors herein below listed and exact statements of which are hereto attached.

"Invoice No. A4916 to County of Harris, Texas, aggregating a balance of $1,965.00 due to the undersigned, together with all my right, title and interest in and to the same, with full authority to collect and receipt for same. And I guarantee unto said University State Bank, Houston, Texas, that said account is just and due and that I have not received payment of the same or any part thereof. I also agree that all ledger sheets in my office will be marked showing that these accounts have been pledged to the University State Bank, Houston, Texas, and that each payment collected on these accounts will be paid to the University State Bank, Houston, Texas.

"Witness my hand this 18th day of February, 1949."

In the case of Second National Bank v. Phillips, Trustee, 5 Cir., 1951, 189 F.2d 115, 118, a similar Assignment was under consideration, and the Court says (underscoring mine):

"The undisputed evidence shows: that, since 1944, the bank had been furnishing a line of credit designed to enable the merchant to continue his business, with the least inconvenience to him, compatible with the bank's safety and security; and that, in

1946, after the enactment of the statute, the bank filed its notice in compliance with the statute, and in it specifically set out that the notice and arrangement were to be effective for three years thereafter.

"The view of referee and court in effect, as it seems to us, that it was the duty of the bank to file a new notice, under the statute, every time it changed the form of the loan, is not, in our opinion, correct. The statute does not require a statement of the contents of the assigned accounts or of the contract under which they are assigned, but merely of the *existence of the arrangement for assigning them.* Its purpose is, by giving the name and address of the borrower as well as of the lender: to give notice to all persons dealing with it of the fact that the debtor *had assigned, or intended to assign,* accounts; and to afford persons dealing, or intending to deal, with the borrower, adequate opportunity to find out the facts as to his situation.

"The assignments were valid, both because the arrangement for them was wholly devoid of the vices of secrecy and of the surrender of unfettered possession, condemned by Ratner, and because there was full compliance with the Texas statute."

Even though the claim against Harris County may not have been in existence at the time such notice was filed in the office of the County Clerk, I think under the rule laid down in the cited case that such Assignment is valid and the claim of the Bank as against such fund is superior to the claim of the Government.

The Petitions for Review by the Government and such Bank are, therefore, disposed of as follows:

(1) The Order of the Referee, allowing the Government's claim for $5783.08 and the Bank's claim for $14,170.84, is affirmed.

(2) The Order of the Referee, allowing Harris County $250 for attorneys' fees, is affirmed.

(3) The Order of the Referee in ordering certain of the expense of administration to be taken out of the $1,935.88 paid over to the Trustee by Harris County, is affirmed.

(4) The Order of the Referee in ordering the balance of the $1,935.88 to be pro-rated between the Government and such Bank is reversed, and Order will enter, directing payment of such balance to such Bank.

Let appropriate Order be drawn and presented.